UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ANTHONY ASKEW, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:20-224-DCR |
| ) | |
| v. ) | |
| ) | |
| C. GOMEZ, Warden,[1] ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Anthony Askew is currently confined at the United States Penitentiary ("USP")-McCreary in Pine Knot, Kentucky.[2] Proceeding without an attorney, Askew previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] However, his original petition was not filed on the appropriate form, nor did Askew pay the $5.00 filing fee as required by 28 U.S.C. § 1914. As a result, the Court directed Askew to re-file his petition utilizing the appropriate form and either pay the $5.00 filing fee or file a properly-supported motion to proceed *in forma pauperis*. [Record No. 4] Askew filed a notice of interlocutory appeal of this Order with the United States Court of Appeals for the Sixth Circuit. [Record No. 6] But on January 27, 2021, the Sixth Circuit

---

[1] Askew identifies Michael Carvajal, the Director of the federal Bureau of Prisons ("BOP"), as the Respondent. However, the only proper respondent to a habeas corpus petition challenging present physical detention is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Court will direct that C. Gomez, Warden of USP-McCreary, be identified as the respondent in this proceeding.

[2] Askew is currently serving a term of imprisonment of 1,124 months imposed on November 4, 2004, by the United States District Court for the Western District of Pennsylvania. *United States v. Askew*, No. 2: 03-cr-244-CB-2 (W.D. Pa. 2003).

granted Askew's motion to voluntarily dismiss his appeal. [Record No. 11] Because no mandate will be issued [Record No. 11-1], this matter is presently pending before this Court.

Askew has since re-filed his petition on the appropriate form [Record No. 5] and paid the $5.00 filing fee. [Record No. 9] Thus, the Court will conduct an initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[3]

Askew claims that his confinement violates his rights protected by the Eighth Amendment because he is being held "in a prison that is experiencing a COVID-19 outbreak and [he] am unable to physically distance and [has] comorbidities of Type II Diabetes and Hypertension which puts [him] at an increased risk of severe illness or death." [Record No. 5 at p. 5] According to Askew, although the Centers for Disease Control and Prevention ("CDC") recommends practicing physical distancing as a means of preventing the spread of COVID-19, physical distancing in a prison setting is exceedingly difficult. [Record No. 1 at p. 2] While Askew acknowledges that USP-McCreary has complied with nationwide directives issued by the BOP (including suspending social and legal visits, inmate facility transfers, screening arriving inmates for COVID-19 symptoms, establishing quarantine and isolation procedures, taking an inventory of cleaning, sanitation and medical supplies, mandating the use of a screening tool and temperature check, and mandating quarantine procedures for asymptomatic and symptomatic arrivals), these directives did not include physical distancing. [Record No. 1 at p. 3] He also acknowledges that, in addition to

---

[3] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

complying with the nationwide directives, USP-McCreary officials have also directed enhanced cleaning and sanitizing and have taken other preventative measures, including temperature checks and testing if symptoms appear and/or if medical staff determine that it is necessary. [*Id.*] Inmates have also been issued 3 cloth masks to reuse. [*Id.*] However, Askew claims that these procedures are ineffective if he is unable to physically distance from others. [*Id.*] According to Askew, because his comorbidities of Type II Diabetes and Hypertension put him at a higher risk of complications if he contracts COVID-19, his confinement without physical distancing violates Eighth Amendment protections. [Record No. 5] Thus, he seeks immediate release. [*Id.*]

The Court has reviewed Askew's petition and the materials filed in support but concludes that it should be dismissed. As a preliminary matter, Askew's petition is not signed as required by Rule 11(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed...by a party personally if the party is unrepresented."). In addition, despite being instructed to fully complete the Court's habeas form, Askew chose to skip the section of the Court's form regarding whether he has exhausted administrative remedies prior to filing the petition, suggesting that he has not done so. [Record No. 5 at p. 6]

While Askew's petition will be dismissed on other grounds, he is advised that, in the future, if he is proceeding *pro se*, he must personally sign all pleadings submitted to the Court. In addition, before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir.

2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

Despite these procedural flaws with the present petition, the Court finds that it must be dismissed because his claim relates to the conditions of his confinement and thus it is not properly pursued in a § 2241 petition. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id. See also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). While "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he may only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

Askew claims that his current incarceration violates the Eighth Amendment because the measures implemented at USP-McCreary to control transmission of COVID-19 among inmates and staff do not include physical distancing recommendations issued by the CDC. He also contends that the precautionary measures in place are not always followed by inmates and staff. However, these assertions attack the adequacy of his conditions of confinement –

specifically, the adequacy of the precautionary measures employed by prison staff – not the very fact of his confinement itself.

It is true that, "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). But in *Wilson*, the Sixth Circuit distinguished between two groups of prisoner-petitioners, those included in a "medically-vulnerable subclass" and those outside the subclass. *Id*. at 837-838. The Sixth Circuit explained that, "[r]ather than arguing that there are particular procedures or safeguards that the BOP should put in place to prevent the spread of COVID-19 throughout [the prison]," the medically-vulnerable subclass of petitioners "contend that there are no conditions of confinement sufficient to prevent irreparable constitutional injury at [the prison]," thus they sought release, "the heart of habeas corpus." *Id*. (citations omitted).

Unlike the petitioners in *Wilson*, Askew *is* arguing that there are particular procedures or safeguards that should be put in place – specifically, physical distancing and more strict enforcement of the current precautionary measures – to prevent the spread of COVID-19. While Askew does seek release, he does not contend that there are *no* conditions that would be constitutionally sufficient for his confinement, even in light of his underlying health conditions. Rather, he argues that there are sufficient safety measures available, but these measures are not currently employed at USP-McCreary. At its heart, this claim is an attack on the adequacy of the conditions of his current confinement. Where a § 2241 petition presents a conditions of confinement claim, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)

(citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Askew wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

Moreover, to the extent that Askew seeks release because his current health conditions, in *Wilson*, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners. A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 961 F.3d at 838. Thus, Askew's request for immediate release because of his underlying health conditions, though filed in a § 2241 petition, is actually a motion for compassionate release made pursuant to 18 U.S.C. § 3582. Indeed, Askew requests that this Court consider factors such as his underlying health, his age, and his likelihood of recidivism, [Record No. 1 at p. 9-10], all of which are factors to be considered in a § 3582(c) motion for modification of an imposed term of imprisonment. However, a § 3582(c) motion must be made to the Court that sentenced Askew and may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 961 F.3d at 844.

A review of the docket in Askew's criminal case shows that he previously filed a motion for compassionate release in the Court that sentenced him based upon "the COVID-19 pandemic and the imminent danger it poses to his health and life" due to his underlying health conditions. *United States v. Askew*, No. 2: 03-cr-244-CB-2 (W.D. Pa. 2003) at Record No.

459. After the Government filed a response objecting to Askew's motion and the matter was fully briefed, the Court denied Askew's request. *Id*. at Record No. 463, 467, 478, 487.[4] The Court further denied Askew's multiple motions for reconsideration of its denial of his motion and Askew has recently filed a notice of appeal to the United States Court of Appeals for the Third Circuit. *Id*. at Record No. 488, 494, 503, 506, 514, 515. Thus, to the extent that Askew wishes to seek a modification of his sentence in light of his health conditions, he may continue to pursue his request on appeal. However, he may not circumvent the sentencing court's denial of his request by attempting to pursue relief on the same grounds in this Court in the meantime.

For all of these reasons, the Court will deny Askew's § 2241 petition without prejudice to Askew's right to assert his claims related to the conditions of his confinement in a civil rights proceeding and/or his right to continue to seek a modification of his sentence pursuant to 18 U.S.C. § 3582 in the Court that sentenced him. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall update the docket to reflect that the correct Respondent is "C. Gomez, Warden."

2. Askew's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 5] is **DENIED**.

---

[4] Specifically, the court found as a threshold matter that Askew failed to exhaust his administrative remedies prior to filing his motion, thus his motion was premature. *United States v. Askew*, No. 2:03-cr-244-CB-2 (W.D. Pa. 2003) at Record No. 487. In a subsequent order denying Askew's motion to reconsider its order, the court further found that Askew did not provide sufficient evidence that he is "extremely vulnerable" to COVID-19, nor do the factors under 18 U.S.C. § 3553(a) weigh in favor of release, as Askew has served less than 18 percent of his sentence, has an extensive criminal history, and, in light of the seriousness of his crimes (multiple counts of armed bank robberies), "release before Defendant has served even a quarter of the sentence would not afford adequate deterrence." *Id*. at Record No. 514 at p. 2.

3.    This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 2, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky